1

Desai Law Firm, P.C.
Aashish Y. Desai, Esq. (SBN 187394)
Adrianne De Castro, Esq. (SBN 238930)
3200 Bristol St., Suite 650
Costa Mesa, CA 92626
Telephone: (949) 614-5830
Facsimile: (949) 271-4190
aashish@desai-law.com
adrianne@desai-law.com

Attorneys for Plaintiff, and all others
similarly situated

2

3

4

5

6

7

8

9 **UNITED STATES DISTRICT COURT**

10 **CENTRAL DISTRICT OF CALIFORNIA**

11

12 | TIMOTHY PAVLOFF on behalf of )  CASE NO.:
himself and all others similarly situated, )

13 ) **CLASS AND COLLECTIVE**
    ) **ACTION COMPLAINT**

14      Plaintiffs, )

15 )  (1) Failure to Pay Wages in Violation
v. )     of the Fair Labor Standards Act

16 )     (29 U.S.C § 201, *et seq*.)

17 CARDINAL LOGISTICS )  (2) Failure to Pay Wages in Violation
MANAGEMENT CORPORATION, and )     of California Law (Cal. Lab.

18 DOES 1-10, inclusive, )     Code §§ 1194, 1198, and IWC
    )     Wage Orders)

19      Defendants. )

20 )  (3) Waiting Time Penalties (Cal. Lab.
    )     Code §§ 201-203)

21 )

22 )  (4) Failure to Provide Itemized Wage
    )     Statements (Cal. Lab. Code §§

23 )     226(a), 226.2)

24 )  (5) Violation of California Business
    )     and Professions Code §§ 17200 *et*

25 )     *seq.*

26 )

27 )  **DEMAND FOR JURY TRIAL**
    )

28 )

### INTRODUCTION AND SUMMARY OF CLAIMS

This is a nationwide wage and hour class and collective action. Plaintiff Timothy Pavloff, on behalf of himself and all others similarly situated (collectively "Plaintiff"), hereby files this Complaint against Cardinal Logistics Management Corporation ("Cardinal" or "Defendant") and DOES 1-10. Plaintiff hereby alleges the following:

1.     Plaintiff is employed as a long-haul truck driver for Cardinal Logistics Management Corporation, a privately held leading third-party logistics provider focused on transportation services to multiple industries across the nation.

2.     Plaintiff initiates this nationwide collective action to redress violations by Defendant of the Fair Labor Standards Act ("FLSA") and the California Labor Code.

3.     Time spent in sleeper berths during long shifts are regulated. Specifically, for any given 24-hour shift, Department of Labor ("DOL") regulations prohibit Defendant from excluding more than eight (8) hours from compensation for the time that a driver spends in a truck's "sleeper berth." 29 C.F.R. § 785.22(a)

4.     Defendant has a nationwide practice of deducting ten (10) hours of sleep time from its truck drivers' pay for period in which they spent 24 hours or more on the road. Defendant required its drivers to sleep in "sleeper berths" located in the upper deck of the drivers' assigned trucks. After fourteen hours of driving, drivers are required by the Federal Motor Carrier Safety Administration to rest for at least 10 hours. Defendant, therefore, knows that drivers must take these rest periods in sleeper berths. During the time in the sleeper berth, drivers were subject to the control of the Defendant, had many responsibilities, and were otherwise working. Despite this knowledge, Defendant's compensation system did not pay drivers anything for this time spent in sleeper berths.

//

**COMPLAINT**

## JURISDICTION AND VENUE

5.     Plaintiff is an employee of Defendant within the State of California and was subject to the unlawful policies during the past four years.

6.     This Court has original federal jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act.  This Court also has original jurisdiction over Plaintiff and Class Members' state law claims pursuant to the Class Action Fairness Act of 2005.  28 U.S.C. § 1367.

7.     Venue is proper in this judicial District because a substantial part of the events and omissions giving rise to the claims occurred in this District.  Venue is also proper in this District because there is personal jurisdiction over Defendant, and a substantial number of unnamed class members reside and work for Defendant in this District and California.  Presently and at all times, Defendant has conducted substantial, continuous and systematic commercial activities in this District.

8.     While Plaintiff seeks a nationwide class for his FLSA "opt-in" claims, the gravamen of this action is the California state law claims which are subject to an "opt-out" requirement.  Thus, California, as opposed to any other state, contains the vast majority of class members and witnesses.

9.     Plaintiff is a long-haul truck driver, traveling out-of-state to deliver cargo; and, as such, he is "engaged in" interstate commerce.  Section 1 of the FAA, therefore, prevents the enforcement of an arbitration agreement -- if any.  *New Prime v. Olivera*, 586 U.S. __, 139 S. Ct. 532 (2019).

## THE PARTIES

10.     Plaintiff Timothy Pavloff is a California-based employee, who worked as a truck driver for Defendant from about September 2016 to the present.

2

11.     Cardinal Freight Carriers, Inc. was formed in Concord, North Carolina by Tom Hostetler and Vin McLoughlin, who recognized a need for "a third-party logistics company focused on dedicated contract carriage" in 1980.

12.     Cardinal Freight Carriers, Inc. began with a fleet of only 14 tractors, however it later blossomed and was purchased by Cardinal Logistics Management Corporation ("Cardinal") in 1997 from Arkansas Best Corp.  In 2012, Cardinal was acquired by Centerbridge Partners.

13.     Meanwhile, Greatwide was launched in 2006 with a similar focus on logistics.  In 2009, Greatwide was also acquired by Centerbridge Partners.

14.     In 2013, Cardinal and Greatwide integrated their businesses into "one of the largest, most diverse dedicated fleet operations in the country."  Defendant Cardinal Logistics Management Corporation or Cardinal, as it is known today, is based in Concord, North Carolina, and is a fully integrated logistics and transportation provider, employing over "4,000 drivers and staff" throughout the nation.

## FACTUAL BACKGROUND

15.     The FLSA requires employers to pay their employees a minimum wage for every hour worked.  *See* 29 U.S.C. § 206(a).  "Under certain conditions an employee is considered to be working even though some of this time is spent in sleeping or in certain other activities."  29 C.F.R. § 785.20.

16.     As the United States Supreme Court has noted, an employer may hire an employee simply to wait for some period of time.  *Skidmore v. Swift & Co.*, 323 U.S. 134, 136-37 (1944).

17.     The DOL has, by regulation, addressed the "sleeper berth" issue where an employee is on duty for 24 hours or more.  29 C.F.R. § 785.22(a) (when an employee is required to be on duty for 24 hours, his employer must pay him for

3

at least 16 of those hours, even if he spent more than eight (8) hours sleeping and eating during the 24-hour period).

18.    The DOL Field Operations Handbook notes the same – i.e., that employers must pay truck drivers for sleep time that exceeds eight (8) hours in a 24-hour shift.  *See* FOH 31b09-12.

19.    During the applicable statutory period, Plaintiff and those similarly-situated worked as truck drivers or helpers (team driver 2) for Defendant. Defendant, through its polices, practices, and supervisors, directed the work activity of Plaintiff and other truck drivers and helpers.

20.    Defendant's gross annual sales or business revenue has been $500,000.00 or greater at all relevant times.

21.    While driving over-the-road, as drivers or helpers (team driver 2) for Defendant, Plaintiff regularly worked more than 16 hours per day because he was required to, *inter alia*, (i) drive the truck; (ii) remain in the truck so they could transport the cargo; (iii) wait for cargo to be loaded or unloaded; (iv) fuel up the truck and perform routine maintenance; (v) remain in the vicinity of the truck to help protect Defendant's and its customer's property; (vi) remain inside the truck when stopped to log time in the sleeper berth and to help protect Defendant's and its customer's property.

22.    Defendant maintains a nationwide policy that deducts more than eight (8) hours sleeping time while its employees are in the "sleeper berth" of their tractors.   Indeed, Department of Transportation ("DOT") regulations prohibit commercial truck drivers from being on duty for more than 14 hours in any 24-hour period.  *See* 49 C.F.R. § 395.2(a).  Thus, Defendant's truck drivers routinely spend 10 hours in the "sleeper berth" resting on long-haul shifts.

23.    However, instead of compensating its drivers for at least 16 hours (24 minus 8 for sleeping) at minimum wage, it deducts all "sleeper berth" time -- the

4

full 10 hours -- from its drivers' compensation.  That is illegal under the FLSA and California state law.  Often Defendant would employ team drivers who would switch time between driving the trailer and spending time in the "sleeper berth" to save DOT hours and haul cargo across the nation.  However, once again, whether as part of team (helper, driver 2) or individually, Defendant would deduct more than eight hours (usually 10 hours) for the "sleeper berth" time in violation of the FLSA.

24.    "A key reason we are able to deliver such high-quality customer experiences and positively impact our customers' businesses is that our pool of more than 4,000 experienced, well-trained drivers are dedicated to maintaining our customer-focused culture."  *See* https://www.cardlog.com/about-cardinal/our-drivers/ (last visited Feb. 21, 2020).

## COLLECTIVE ACTION ALLEGATIONS

25.    Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

26.    Plaintiff brings this nationwide action on behalf of himself and all other similarly situated employees as authorized by the FLSA, 29 U.S.C. § 216(b).

Specifically, Plaintiff seeks to represent:

**FLSA Collective**: All persons who have been employed as a truck driver or helper (team driver 2) subject to the unlawful "sleeper berth" deductions under 29 C.F.R. § 785.22(a) within the United States at any time starting three years prior to the filing of the initial compliant until trial of this action.

27.    The Named Plaintiff's claims are typical of the claims of the Collective Action because they all maintain FLSA claims for Defendant's failure to pay at least minimum wage for "sleeper berth" deductions of more than eight hours for shifts lasting more than 24 hours.

5

28.     The Named Plaintiff will fairly and adequately protect the interests of the Collective Action Plaintiffs because they all have a united interest in receiving all of the wages they are due under the FLSA.  The Named Plaintiff has retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

29.     No serious difficulty is likely to be encountered in the management of this collective action and the "opt-in" class is easily identifiable (and therefore can be located) through Defendant's own employment records.

30.     Defendant is liable under the FLSA for failing to properly pay Plaintiff and the FLSA Collective, and as such, notice should be sent to the Collective.  There are numerous similarly situated current and former employees of Defendant who have been denied earned wages for these "sleeper berth" claims in violation of the FLSA.  These individuals, who can be easily ascertained from Defendant's records, would benefit from the issuance of Court-supervised notice of this lawsuit and an opportunity to join or "opt-in" to this action.  29 U.S.C. § 216(b).

### RULE 23 CLASS ACTION ALLEGATIONS

31.     Plaintiff incorporates by reference the allegations in the preceding paragraphs.

32.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure and the Class Action Fairness Act of 2005, Plaintiff brings this case on behalf of himself and all others similarly situated.

33.     Specifically, Plaintiff identifies the following classes:

a.     **Non-California Resident Class:**  All non-California resident drivers or helpers (team driver 2) who performed work in California for at least one full day from 4 years prior to the filing of this Complaint to the present.

COMPLAINT

b.   **California Resident Class:**   All California-based (resident) truck drivers or helpers (team driver 2) subject to the unlawful "sleeper berth" deductions as described herein within the United States at any time starting four years prior to the filing of the initial compliant until trial of this action.

34.   Throughout discovery in this litigation, Plaintiff may find it appropriate and/or necessary to amend the definition of the Class and Subclasses. In any event, Plaintiff will formally define and designate a class definition at such time when Plaintiff seeks to certify the Class and Subclasses.

35.   This action has been brought and may properly be maintained as a class action under Federal Rules of Civil Procedure Rule 23 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable:

a)   *Numerosity*:  The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable.  While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that Defendant has employed at least 4,000 individuals as truck drivers or helpers (team driver 2) during the Class Period.

b)   *Commonality*:  There are questions of law and fact common to the Plaintiff and the Class that predominate over any questions affecting only individual members of the Class.  These common questions of law and fact include, without limitation:

i.   Whether Defendant violated Wage Order No. 9-2001, Labor Code § 1194, and the FLSA by failing to pay minimum wage compensation to its truck drivers and helpers (team driver 2) for all work hours – i.e., those who spent ten hours in his/her "sleeper berth" and were deducted for more than eight hours of time;

7

ii.    Whether Defendant violated Business and Professions Code Section 17200 by failing to pay proper wages for "sleeper berth" time;

iii.    Whether Defendant violated Wage Order No. 9-2001 and Labor Code §§ 226.2 and 1174 by failing to keep accurate records of employees' hours of work, the beginning and end of each work period, meal periods, gross wages earned, and net wages earned;

iv.    Whether Defendant violated Labor Code §§ 226(a), 226.2 by failing to timely furnish each truck driver with a statement accurately showing the total hours worked each pay period, the net wages earned, all applicable pay rates, and gross wages earned;

v.    Whether Defendant violated Labor Code §§ 201-203 by failing to pay wages due and owing at the time that Plaintiffs' and other Class Members' employment was terminated;

vi.    What were the policies, practices, programs, procedures, protocols, and plans of Defendant regarding payment of wages for time spent in the "sleeper berth" by its truck drivers.

c)    *Typicality*:  Plaintiff's claims are typical of the claims of the Class.  Plaintiff and all members of the Class sustained injuries and damages arising out of and caused by Defendant's common course of conduct in violation of law as alleged herein.

d)    *Adequacy of Representation*:  Plaintiff is a member of the Class and will fairly and adequately represent and protect the interests of the Class Members.  Counsel who represent the Plaintiff are competent and experienced in litigating large wage-and-hour and other employment class actions.

e)    *Superiority of Class Action*:  A class action is superior to other available means for the fair and efficient adjudication of this controversy.

8

Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each Class Member has been damaged and is entitled to recovery by reason of Defendant's illegal policies and practices. Even if every individual Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the court in which the individual litigation of the numerous cases would proceed. Individualized litigation would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.

f) In addition, if each individual Class Member was required to file an individual lawsuit, the large corporate defendants would necessarily gain an unconscionable advantage because defendants would be able to exploit and overwhelm the limited resources of each individual Class Member with defendants' vastly superior financial and legal resources. By contrast, the conduct of this action as a class action presents few management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class Member. Plaintiff anticipates no difficulty in the management of this action as a class action since the unlawful conduct at issue is the same with respect to all Class Members.

36. The prosecution of separate actions by individual Class Members may create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class Members not parties to such adjudication or that would substantially impair or impede the ability of such non-party Class Members to protect their interests.

37. The prosecution of individual actions by Class Members could establish inconsistent standards of conduct for Defendant.

9

COMPLAINT

38.   Defendant has acted, or refused to act, in respects generally applicable to the Class as a whole, thereby making appropriate final and injunctive relief or corresponding declaratory relief with regard to members of the Class as a whole, as requested herein.   Likewise, Defendant's conduct as described above is unlawful, continuing, and capable of repetition and will continue unless restrained and enjoined by the Court.

**FIRST CLAIM FOR RELIEF**
**FAIR LABOR STANDARDS ACT**

**Failure to Pay Minimum Wages under 29 U.S.C. §§ 201, *et seq.***
**(On Behalf of Plaintiff and the National FLSA Collective)**

39.   Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

40.   Plaintiff brings this cause of action for a nationwide class.

41.   At all relevant times, Defendant was an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 216(b).   It is likely that other individuals will join or "opt-in" to this case by filing a consent to join this action.

42.   The FLSA requires employers to pay for all hours worked at minimum wage.   By failing to compensate the FLSA Collective Class for compensable hours in the "sleeper berth," Defendant has violated the FLSA.

43.   Plaintiff and the national FLSA Class were paid hourly and by mileage.   Specifically, Plaintiff was paid an hourly rate for all work hours and paid a certain number of cents for each mile traveled.

44.   Per 29 C.F.R. § 785.22, the maximum amount of time an employer may dock an employee who is on duty for more than 24 hours for time spent in a sleeper berth is eight (8) hours per day.   The remaining amount of time is work time and must be paid, less *bona fide* meal periods.

10

COMPLAINT

45.    Defendant's drivers were responsible for the cargo being transported for more than 24 hours.

46.    Defendant's drivers were responsible for their assigned trucks for more than 24 hours.

47.    Defendant did not pay for any time in the "sleeper berth" – instead deducting all 10 (not 8) hours per shift since truck drivers are required by DOT guidelines to rest for 10 hours after completing a 14-hour driving shift.  *See* 49 C.F.R. § 395.2(a).

48.    Defendant thus failed to implement a proper fail-safe compensation system to ensure that its drivers earned at least minimum wage during the workweek where its drivers spent time in "sleeper berths."

49.    Because of this failure, Defendant regularly paid Plaintiff and the other FLSA Plaintiffs below the federal and state minimum wage.

50.    The foregoing constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

51.    Plaintiff, and the National FLSA Collective, seek damages in the amount of all unpaid compensation owed, liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

52.    Plaintiff, and the National FLSA Collective, seek recovery of attorney's fees and costs to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

///

11

COMPLAINT

## SECOND CLAIM FOR RELIEF
## CALIFORNIA STATE LABOR CODE

### Cal. Wage Order No. 9; Cal. Labor Code 1194

53.     Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

54.     Plaintiff brings this cause of action on behalf of the Rule 23 Class 1 (Non-California Resident Class) and Rule 23 Class 2 (California Resident Class).

55.     At all relevant times, the Plaintiff and the Class 1 and Class 2 drivers were employed by Defendant within the meaning of the Cal. Labor Code.

56.     By the same conduct, Defendant violated Cal. Labor Code § 1194.

57.     Plaintiff and the Class 1 and Class 2 truck drivers were subject to the control of the Defendant during the time spent in the "sleeper berths" and as such should be compensated for all such time, particularly since their movement was restricted and they were providing a security service to Defendant by sleeping in "sleeper berths" -- which benefit Defendant.  Moreover, all the California-based drivers and helpers (team driver 2) were under the control of dispatch and needed to secure both the load and their assigned trucks -- at all times during their out-of-state work trips.

58.     During the relevant time, Defendant failed to pay Plaintiff and Class 1 and Class 2 drivers and helpers (team driver 2) for all hours worked as that is defined under law.

59.     As a result of Defendant's failure to pay earned wages for time in the "sleeper berth," Defendant violated Cal. Labor Code § 1194.

60.     As a direct and proximate result of Defendant's conduct, Plaintiff and the Class have sustained damages, including the loss of earnings, prejudgment interest, and attorney's fees and costs.

1

2

### THIRD CLAIM FOR RELIEF
### CALIFORNIA WAGE PAYMENT PROVISIONS

3

### Cal. Labor Code §§ 201, 202, 203

4

5

61.     Plaintiff alleges and incorporates by reference the allegations in the

6

preceding paragraphs.

7

62.     Plaintiff alleges this cause of action on behalf of Rule 23 Class 2

8

(California Resident Class).

9

63.     California Labor Code §§ 201 and 202 require Defendant to pay

10

employees all wages due within the time specified by law.  Cal. Labor Code § 203

11

provides that if an employer willfully fails to timely pay such wages, the employer

12

must continue to pay the subject employees' wages until the back wages are paid

13

in full or an action is commenced, up to a maximum of thirty days of wages.

14

64.     Plaintiff and the California Class are entitled to unpaid minimum

15

wages but have not received such compensation.

16

65.     As a consequence, Plaintiff and the California Rule 23 Class 2

17

(California Resident Class) are entitled to up to thirty days' wages under Labor

18

Code § 203, together with interest thereon, and attorney's fees and costs.

19

20

### FOURTH CLAIM FOR RELIEF
### CALIFORNIA WAGE STATEMENTS PROVISIONS

21

### Cal. Labor Code §§ 226(a), 226.2

22

66.     Plaintiff alleges and incorporates by reference the allegations in the

23

preceding paragraphs.

24

67.     Plaintiff alleges this cause of action on behalf of Rule 23 Class 2

25

(California Resident Class).

26

68.     Defendant knowingly and intentionally failed to provide timely,

27

accurate, itemized wage statements including, *inter alia*, hours worked and the

28

13

various rates of pay, to Plaintiff or the California Class in accordance with Labor Code §§ 226(a), 226.2 and the IWC Wage Orders.  Such failure caused injury to Plaintiff and the California Class by, among other things, impeding them from knowing the amount of wages to which they were and are entitled.

69.     California Rule 23 Class 2 (California Resident Class) are entitle to and seek injunctive relief requiring Defendant to comply with Labor Code §§ 226.2, 226 (a) and further seek the amount provided under Labor Code 226(e), including the greater of all actual damages or fifty dollars  ($50) of the initial pay period in which a violation occurs and one hundred dollars ($100) for each violation in a subsequent period.

### FIFTH CLAIM FOR RELIEF
### CALIFORNIA UNFAIR COMPETITION LAW
**Cal. Bus. & Prof. Code §§ 17200, *et seq*.**

70.     Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

71.     Plaintiff alleges this cause of action on behalf of Rule 23 Class 2 (California Resident Class).

72.     The foregoing conduct, as alleged, violates the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq*. which prohibits unfair competition by forbidding any unlawful or unfair business act or practice.

73.     Beginning at a date unknown to Plaintiff, but at least the last four years, Defendant committed acts of unfair competition by engaging in the acts and practices described herein.  Defendant's conduct has injured Plaintiff and the Rule 23 Class 2 (California Resident Class) by wrongfully denying them earned wages, and therefore was substantially injurious to Plaintiff and the Rule 23 Class 2 (California Resident Class).

14

74.     Defendant engaged in unfair competition in violation of the UCL by violating, *inter alia*, the following laws.  Each of these violations constitutes an independent and separate violation of the UCL:

a)      Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

b)      California Labor Code § 1194;

c)      California Labor Code §§ 226.2, 226(a);

d)      California Labor Code §§ 201, 202, 203.

75.     Defendant's course of conduct, acts, and practices in violation of the laws mentioned above violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

76.     The harm in being denied lawfully earned wages outweighs the utility (if any) of Defendant's policies or practices and therefore, Defendant's actions constitute an unfair business practice of the act within the meaning of the UCL.

77.     Pursuant to the UCL, Plaintiff and the Rule 23 Class 2 (California Resident Class) are entitled to restitution of the earned wages and other unpaid wages alleged herein that were withheld and retained by Defendant during the four years prior to the filing of this action, a permanent injunction requiring Defendant to pay required wages, an award of attorney's fees pursuant to Code of Civil Procedure § 1021.5 and other applicable law, and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and all other members of the FLSA Collective Class, prays for relief as follows:

A.      Designation of this action as a collective action on behalf of Plaintiff and those similarly situated and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual

15

consent forms pursuant to 29 U.S.C. § 216(b);

B.    Judgment against Defendant for violation of the minimum wage protections of the FLSA;

C.    An award in an amount equal to Plaintiff' and the Collective Class' unpaid back wages;

D.    An award of liquidated damages, penalties, and interest thereon, subject to proof at trial;

E.    An award of reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216 and/or other applicable laws;

F.    Pre-judgment and post-judgment interest;

G.    Leave to file additional consent to join forms under the FLSA; and,

H.    For such other and further relief, in law and equity, as this Court may deem appropriate and just.

WHEREFORE, Plaintiff, on behalf of himself and all members of the Rule 23 Classes, prays for the following:

A.    Unpaid wages, injunctive relief, and premiums pursuant to California law;

B.    Certification of this case as a class action under Rule 23 of the Federal Rules of Civil Procedure;

C.    Designation of the Plaintiff as representative of this Class, and counsel of record as Class Counsel;

D.    Appropriate equitable relief to remedy the violation of California state law;

E.    Appropriate statutory penalties;

F.    An award of damages, liquidated damages, and restitution to be paid by Defendant according to proof;

G.      Pre-judgment and post-judgment interest, as provided by law;

H.      Attorney's fees and costs of suit, including expert fees pursuant to Cal. Labor Code § 1194, Cal. Code of Civ. Pro. § 1021.5 and/or other applicable laws; and,

I.      Such other relief as the Court may deem just and proper.

Dated:  February 24, 2020                    DESAI LAW FIRM, P.C.


                                            By:      /s/ *Aashish Y. Desai*
                                            Aashish Y. Desai
                                            Adrianne De Castro
                                            Attorneys for Plaintiff and the others
                                            similarly situated

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, individually and on behalf of all others similarly situated, demands a trial by jury.


Dated:  February 24, 2020                    DESAI LAW FIRM, P.C.


                                            By:      /s/ *Aashish Y. Desai*
                                            Aashish Y. Desai
                                            Adrianne De Castro
                                            Attorneys for Plaintiff and the others
                                            similarly situated

17